## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL PUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-0587** |
| **WARDEN LADREYT** | **SECTION "F"(4)** |

## FINDINGS AND RECOMMENDATION

On May 1, 2013, the United States Fifth Circuit Court of Appeals construed the petitioner Daniel Pugh's Notice of Appeal (Rec. Doc. No. 18) as a Motion to Reopen the Time to File an Appeal under Fed. R. App. P. 4(a)(6) and remanded this matter to the District Court to address the motion.[1]  On May 13, 2013, the Motion to Reopen was referred to the undersigned Magistrate Judge to enter findings under Fed. R. App. P. 4(a)(6) pursuant to the Fifth Circuit's order.[2]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.   Procedural Background

The record reflects the following relevant information taking into account the mailbox rules applicable to prisoner filings.[3]  On February 29, 2012, Pugh submitted this federal habeas petition

---

[1]Rec. Doc. No. 20.

[2]Rec. Doc. No. 21.

[3]A prisoner's pleading is considered filed when it is handed to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 274-75 (1988); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006); *see also* Fed. R. App. P. 4(c).

for filing with this Court.[4]  At the time, Pugh was housed in the Nelson Coleman (St. Charles Parish) Correctional Center in Killona, Louisiana.

The undersigned Magistrate Judge issued a Report and Recommendation on June 15, 2012, recommending that the petition be denied and dismissed with prejudice as meritless.  On July 2, 2012, Pugh submitted objections to the Report and Recommendation which were filed into the Court's record on July 5, 2012.[5]  Pugh was still housed in the Nelson Coleman Correctional Center.

On August 31, 2012, the District Judge entered an Order and Judgment dismissing Pugh's habeas petition with prejudice.[6]  The clerk of court mailed copies of the Order and Judgment to Pugh at the Nelson Coleman Correctional Center, which had been the only address provided by Pugh. The envelopes containing these documents were returned to the Court on September 12, 2012, marked "RETURN TO SENDER ATTEMPTED NOT KNOWN UNABLE TO FORWARD."[7]  The same is true of the envelope containing a copy of the Court's Order entered October 16, 2012, denying issuance of a Certificate of Appealability.[8]  When returned, the envelope also bore a handwritten notation, "not in this facility."[9]

On November 4, 2012, Pugh submitted a notice of change of address to the clerk of this Court indicating that he had been transferred from the Nelson Coleman Correctional Center on July 23, 2012, to an unidentified drug treatment program and that he was now in the Richwood

---

[4]Rec. Doc. No. 1.

[5]Rec. Doc. No. 10.

[6]Rec. Doc. Nos. 11, 12.

[7]Rec. Doc. Entries 13, 14.

[8]Rec. Doc. No. 15; Rec. Doc. Entry 16.

[9]Rec. Doc. Entry 16

Correctional Center in Richwood, Louisiana.[10]  He also requested copies of any Court rulings issued after the Report and Recommendation in June of 2012.  The pleading was received and filed by the Clerk of Court on Friday, November 9, 2012.  That same day, clerk's office personnel mailed copies of the District Judge's Order, Judgment and Order denying the Certificate of Appealability to Pugh at the Richwood facility address.[11]  Pugh claims to have received these pleadings on Friday, November 16, 2012.[12]

On Sunday, November 25, 2012, Pugh signed a Notice of Appeal given to prison officials on November 26, 2012, to be mailed for filing.[13]  This Notice of Appeal was stamped received by the clerk of the United States Fifth Circuit Court of Appeals on November 29, 2012.[14]  Rather than forward the notice of appeal to the district court clerk's office pursuant to Fed. R. App. P. 4(d),[15] two weeks later, by letter dated December 14, 2012, the clerk of the United States Fifth Circuit mailed the Notice of Appeal back to Pugh with instructions to "address the enclosed to the Clerk of the U.S. District Court."[16]

According to Pugh, he received the Fifth Circuit clerk's letter from prison officials on Friday, December 21, 2012, and that same day executed an addendum entitled "Affidavit" indicating that

---

[10]Rec. Doc. No. 17.  The envelope bears a postmark of November 7, 2012.

[11]This information was obtained from the internal records of the Pro Se Unit in the Clerk of Court's Office.

[12]Rec. Doc. No. 18, p. 2 of 5.

[13]Rec. Doc. No. 18 & attachments; *see also* Rec. Doc. No. 20, Fifth Circuit's Order with these findings.

[14]Rec. Doc. No. 18.

[15]Fed. R. App. P. 4(d) provides: "If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."

[16]Rec. Doc. No. 18, p. 4 of 5.

he was placing the Notice of Appeal back into the prison mail system for mailing to the clerk of this Court as instructed.[17]  As an apparent result of the impending weekend and recognized federal and state Christmas holiday on Tuesday, December 25, 2012, the envelope from the prison was not postmarked until Thursday, December 27, 2012.[18]  The clerk of this Court received the pleading Monday, December 31, 2012.[19]  Per the directives of Fed. R. App. P. 4(d), the Notice of Appeal was filed as of the date it was first received by the clerk of the United States Fifth Circuit, November 29, 2012.[20]  The Notice of Appeal was entered on the docket and processed to the United States Fifth Circuit on January 2, 2013.[21]  This is the same pleading which since has been construed by the United States Fifth Circuit as a Motion to Reopen the Time to File an Appeal.[22]

## II.    **Standards of Review Under Fed. App. R. 4(a)(6)**

Rule 4 of the Federal Rules of Appellate Procedure provides that "the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days after the judgment or order appealed from is <u>entered</u>."  (emphasis added) Fed. R. App. P. 4(a)(1).  Under Fed. R. App. P. 4(c), a notice of appeal filed by a prisoner confined in an institution is considered timely filed when it is deposited into the prison's internal mail system on or before the last day of the filing period.

When an appeal is not timely filed under Rule 4(a)(1), and in a prisoner case Rule 4(c), the United States Fifth Circuit has explained that Fed. R. App. P. 4(a)(6) provides one avenue "for

---

[17]Rec. Doc. No. 18, p. 3 of 5.

[18]Rec. Doc. No. 18, p. 5 of 5.

[19]Rec. Doc. No. 18, p. 1 of 5, 3 of 5.

[20]Rec. Doc. No. 18.

[21]Rec. Doc. Nos. 18; Rec. Doc. Entry 19.

[22]Rec. Doc. No. 20.

rescuing [an] appeal through a late-filed notice of appeal." *Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir. 2001) (superseded in part by amendment to Fed. R. App. P. 4(a)(6)); *Resendiz v. Dretke*, 452 F.3d 356, 358 (5th Cir. 2006). Rule 4(a)(6) allows the District Court to reopen the time to file an appeal for a period of 14 days after entry of the order granting the reopening when certain conditions exist:

> (A)     the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B)     the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C)     the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

"Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met." *Jones v. W.J. Services, Inc.*, 970 F.2d 36, 39 (5th Cir. 1992). The 14-day period after notice of judgment may be triggered by "[a]ny written notice of entry received by the potential appellant or his counsel (or conceivably by some other person)." *Wilkens*, 238 F.3d at 332. When the Rule 4(a)(6) motion to reopen itself is not timely filed, "the court is powerless to reopen the time for filing an [notice of appeal]." *Wilkens*, 238 F.3d at 331; *Resendiz*, 452 F.3d at 360; *Roberts v. Cain*, 485 F. App'x 689, 690 (5th Cir. 2012).

## III.    Analysis

Instead, under Fed. R. App. P. 4(a)(6), the Court must look to whether the appellant received timely notice under Fed. R. Civ. P. 77, whether the motion to reopen was timely filed, and whether

any party would be prejudiced.  Having reviewed the record, Pugh has satisfied the requisite conditions for the reopening of the period to file a notice of appeal.

### A.    Movant Did Not Receive Notice Under Fed. R. Civ. P. 77(d)

The record and the returned envelopes discussed above indicate that Pugh did not receive notice within 21 days of the August 31, 2012 entry of the District Court's Order and Judgment.  This fact, however, warrants further comment.

The clerk of this Court complied with the requirements of Fed. R. Civ. P. 77(d)(1) that Pugh be served with notice of entry of  the District Court's Order and Judgment within 21 days of its entry.  The Clerk of Court timely served Pugh with copies of the District Court's Order and Judgment by placing them into the mail when they were entered on August 31, 2012, destined for Pugh at the Nelson Coleman Correctional Center, the last address of record provided by before that date.  Fed. R. Civ. P. 77(d)(1); *see also* Fed. R. Civ. P. 5(b)(2)(C) (indicating service to be made by mailing to the last known address, which completes service).

Pugh did not notify the Court of his transfer from the Nelson Coleman Correctional Center to any other facility or treatment center prior to that date.  He made no such effort until months later, on November 4, 2012, when he submitted the notice of change of address and request for copies.  To this end, Pugh failed in his obligation to keep this Court apprised of his location and current address.  L.R. 11.1; L.R. 41.3.1.  Pugh's failure to receive the timely service of the Order and Judgment was of his own cause and not the fault of this Court's clerk's office.

Nevertheless, cause for the delay or failure to timely file are not among the specific conditions addressed by Fed. R. App. P. 4(a)(6).  A district court may but is not required to deny a motion to reopen when the failure to receive notice is due to the movant's fault, especially where

there is no prejudice to the opposing party. *Picou v. City of Jackson, Ms.*, 91 F. App'x 340, 342 (5th Cir. 2004) (citing *Jones*, 970 F.2d at 36). In this case, no such prejudice is apparent, and there is no basis to deny the motion based solely on Pugh's negligence in reporting his address where he has since acted diligently in pursuing the appeal.

For these reasons, the Court finds that the first condition of Fed. R. App. P. 4(a)(6) has been met.

### B.    Motion to Reopen is Timely Filed

Under the second condition, the record shows that Pugh filed the Notice of Appeal, construed by the appellate court as the Motion to Reopen, well within 180 days of the entry of the Order and Judgment on August 31, 2012.[23] As an alternative, the Motion to Reopen also must have been filed within 14 days after Pugh received notice of the entry of the Order and Judgment.

As outlined above, the clerk of this Court re-mailed the copies of the Order and Judgment to Pugh on Friday, November 9, 2012, when his change of address was filed. After he received the copies, Pugh signed the Notice of Appeal on Sunday, November 25, 2012 and indicated that it would be given it to prison officials for mailing on Monday, November 26, 2012.

Pugh claims to have received the copies of the Order and Judgment on November 16, 2012, and he would have had 14 days from that date, or until November 30, 2012, to file a Rule 4(a)(6) Motion to Reopen. Based on the record before the Court, there is no need to further delay this matter to obtain additional documentation confirming, if possible, exactly when Pugh received the Order and Judgment in the prison mail. As will be shown, even if Pugh received the pleadings in

---

[23]The 180 day period ended February 27, 2013.

the prison mail on or prior to November 16, 2012, the record demonstrates that his Notice of Appeal/Motion to Reopen was timely filed.

Considering the dates appearing in the record and applying the prisoner mailbox rule at Fed. R. App. P. 4(c), Pugh filed the Notice of Appeal/Motion to Reopen on November 26, 2012, when he submitted it to prison officials for mailing.[24] That date, November 26, 2012, was actually within a 14-day period from when the Order and Judgment were <u>mailed</u> to Pugh by the clerk of this Court. Therefore, it necessarily follows that November 26, 2012, had to be and was within 14 days of his <u>receipt</u> of the Order and Judgment.

To be clear, the clerk of this Court mailed the Order and Judgment copies to Pugh on Friday, November 9, 2012. Fourteen days from that date was Saturday, November 24, 2012. Under general rules of time calculation, any such end date is considered to fall to the next business day. Fed. R. Civ. P. 6(a)(1)(C). Applying this, fourteen days from the November 9, 2012, mailing fell to Monday, November 26, 2012, the same day Pugh submitted the pleading to prison officials for mailing.

It goes without saying that Pugh had to <u>receive</u> notice of the Order and Judgment at some point between November 9, 2012, when it was mailed to him and November 25, 2012, when he signed the Notice of Appeal. Clearly, the Notice of Appeal/Motion to Reopen filed (under the mailbox rule) on November 26, 2012, was filed within 14 days of Pugh's receipt of notice of the entry of the District Court's Order and Judgment.

---

[24]Even if the Court relied upon the November 25, 2012 signature date as the earliest date on which he could have submitted the Notice of Appeal to prisoner officials for mailing under the mailbox rule, the result and conclusions of this report do not change.

The Court is aware that Pugh initially mailed the Notice of Appeal to the United States Fifth Circuit and not to this District Court. This, however, is not fatal to the timely filing of the Notice, now construed broadly as the Motion to Reopen. Under Fed. R. App. P. 4(d), the mistaken filing of a notice of appeal with the appellate court is self-correcting; that is, the appellate court clerk is supposed to transfer the pleading to the district court to preserve the filing date. The district court clerk is to file the pleading as of the date it was first received by the appellate court. Of course, with a prisoner, the file stamp itself is not controlling and instead the Court looks to the prisoner mailbox rule under Rule 4(c), as the Court has done in this report.

In this case, the appellate court clerk did not abide by the provisions of Fed. R. App. P. 4(d) and instead returned the Notice of Appeal to Pugh on December 14, 2012. When the pleading was eventually received by the clerk of this Court in late December, it nevertheless was given the November 29, 2012, file stamp date. This also explains the apparent disparity between the file stamp date of November 29, 2012, the tendered for filing date of December 31, 2012, and the entry date of January 2, 2013, all appearing on Pugh's Notice of Appeal/Motion to Reopen and in the record of this Court.

In sum, having considered Pugh's submissions and the applicable law, the Court finds that Pugh filed the Notice of Appeal/Motion to Reopen within 14 days of his receipt of notice of the District Court's Order and Judgment. The Court finds that the second condition of Fed. R. App. P. 4(a)(6) has been met.

### C.    No Party Would Be Prejudiced

As for the third and final condition, the Court can find no prejudice to the parties should the appeal period be reopened. The District Court has already determined that a Certificate of

Appealability should not issue.  Rec. Doc. No. 15.  However, there is no basis to conclude that this fact alone necessarily equates to prejudice under Rule 4(a)(6)(C).  The record also does not reveal any other basis for the Court to deny the Motion to Reopen despite the fact that the Fed. R. App. P. 4(a)(6) factors have been met.

### D.     <u>Conclusion</u>

Thus, for the foregoing reasons, Pugh has satisfied the three conditions required under Fed. R. App. P. 4(a)(6) to reopen the period of time to file a notice of appeal.  The Rule also provides that the filing period be reopened for 14 days from entry of the Court's order granting the motion to reopen.  In this case, Pugh has twice mailed his Notice of Appeal to the courts, the original of which is already in the record of this Court at Record Document Number 18, the very same pleading now addressed as the Motion to Reopen.

In the interest of judicial economy and to avoid having to calculate the timeliness of a third such filing, the Court should direct the clerk of this Court to immediately re-file a copy of Pugh's Notice of Appeal (Rec. Doc. No. 18) to be docketed as a new Notice of Appeal.  Upon doing so, the case will be ready for processing back to the United States Fifth Circuit for further proceedings pursuant to that Court's Order (Rec. Doc. No. 20).  Accordingly,

### IV.     <u>Recommendation</u>

It is **RECOMMENDED** that Pugh's Motion to Reopen the Time to File a Notice of Appeal (Rec. Doc. No. 18) be **GRANTED**.

It is further **RECOMMENDED** that the Clerk of Court be ordered to file and docket a copy of Pugh's previously filed Notice of Appeal (Rec. Doc. No. 18) as a new Notice of Appeal.

It is further **RECOMMENDED** that, per that Court's instructions, this matter be **RETURNED** to the United States Fifth Circuit Court of Appeals for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this 31st day of May, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.